# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT KREB, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>JACKSONS FOOD STORES, INC., a Nevada Corporation, JACKSON JET CENTER, LLC, an Idaho Corporation, and CONYAN AVIATION, INC., d/b/a Jackson Jet Center, an Idaho Corporation,<br><br>    Defendants, | Case No.: 3:16-cv-00444-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**JACKSON DEFENDANTS' MOTION TO STAY PROCEEDINGS**<br>**(Dkt. 104)**<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO MOTION TO STAY**<br>**(Dkt. 108)** |

Pending before the Court are (1) the Jackson Defendants' Motion to Stay Proceedings (Dkt. 104), and (2) Plaintiff's Motion for Leave to File Surreply in Opposition to Motion to Stay (Dkt. 108). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## DISCUSSION

Although the Jackson Defendants' motion is explicitly captioned as seeking a stay, its focus is on several satellite issues – presumably to highlight the merits of such a stay – namely, the propriety of certain of Plaintiff's expert's opinions and, relatedly, the preclusive effect of the ongoing administrative proceedings related to Plaintiff's AIR-21 complaint. Their argument unfolds in this manner: (1) on August 6, 2018, Administrative Law Judge ("ALJ") Scott Morris ruled that Plaintiff's July 9, 2014 safety report was not made in good faith, was not objectively reasonable, or both; (2) on August 20, 2018, Plaintiff submitted a Petition for Review of ALJ Morris's decision to the United States Department of Labor Administrative Review Board ("ARB"); (3) the Petition for Review is pending and therefore ALJ Morris's decision is not yet

**MEMORANDUM DECISION AND ORDER - 1**

final; (4) if ultimately upheld, ALJ Morris's decision would have a preclusive effect in this case; and (5) such a preclusive effect (a) undermines Plaintiff's expert's opinion that Plaintiff's safety report was "understandable" and merely represented an "erring on the side of caution," and (b) substantiates the Jackson Defendants' claim that Plaintiff was fired for a legitimate, non-retaliatory reason (filing a bogus safety report). In short, according to the Jackson Defendants, a stay would "settle the pond" on critical issues (in particular, their defense) leading up to trial, while avoiding potentially divergent results. The Court is not persuaded, however, and for the reasons discussed below, a stay will not be imposed at this time.

"District courts have inherent authority to stay proceedings before them." *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). A stay of proceedings is well within "the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citing *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983)). The decision whether to stay a civil action is left to the sound discretion of the district court. *Rohan*, 334 F.3d at 817.

In deciding upon a stay, the court should weigh all relevant "competing interests." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotation marks omitted). Those include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which would be expected to result from a stay." *Id*. (quoting *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

**MEMORANDUM DECISION AND ORDER - 2**

Here, the potential preclusive effect of ALJ Morris's decision is naturally dependent upon the outcome of Plaintiff's currently-outstanding Petition for Review. Those potential shifting sands are good reason for the Court to not issue a conditional ruling premised on an assumption that the ARB upholds ALJ Morris's decision, especially as to possible evidentiary implications arising therefrom, including whether portions of Plaintiff's expert's opinions are (or would be) improper in light of such an assumed outcome. Once the review of ALJ Morris's decision is final and the contours of these issues are more clearly defined, the parties may move the Court for appropriate relief on the more certain landscape.

It is true that a stay would permit things to unfold without the parties having to prepare for trial while awaiting the ARB's consideration of Plaintiff's Petition for Review. But, the practical effect of all this is that, since July 2019 when the Jackson Defendants filed their Motion, there has been a de facto stay of sorts with virtually nothing happening in the interim. Moreover, the claimed wrongs occurred in July 2014. And, regardless of how the ARB decides, Plaintiff's underlying claims will proceed – this is not a situation where his case completely dissolves if the ARB rules a certain way.

This is to say that the controversy between the parties needs to move forward toward a resolution, regardless of what forum it moves forward in and regardless of the potential for some unevenness along the way. The alternative is for nothing to move forward at all, while awaiting the uncertain date when there is a decision from the ARB. Such a course is not appropriate under FRCP 1. *See* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

The Court therefore concludes that the balance of equities weigh against the Jackson Defendants' request under the existing circumstances. If the ARB has not acted on Plaintiff's

**MEMORANDUM DECISION AND ORDER - 3**

Petition for Review by the time trial is scheduled to begin, the Jackson Defendants' may renew their request for a stay; until then, the Court will not postpone trial preparation simply due to the Petition for Review.

## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Jackson Defendants' Motion to Stay Proceedings (Dkt. 104) is DENIED; and

2. Plaintiff's Motion for Leave to File Surreply in Opposition to Motion to Stay (Dkt. 108) is DENIED as moot.

3. By separate communication from the Court, the Court will initiate the process of requesting that the parties file a stipulated list of available trial dates.

4. The Court notes that the parties were to engage in mediation by July 26, 2019 (Dkts. 87, 91). It does not appear that any such mediation has ever taken place or that the deadline for doing so has ever been extended. <u>Therefore, on or before February 14, 2020, the parties shall submit a joint status report updating the Court on the status of the action, including the status of any previous or scheduled mediation</u>.

DATED: January 30, 2020

Ronald E. Bush
Chief U.S. Magistrate Judge