UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT KREB, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>JACKSONS FOOD STORES, INC., a Nevada Corporation, JACKSONS JET CENTER, LLC, an Idaho Corporation, and CONYAN AVIATION, INC., d/b/a Jackson Jet Center, an Idaho Corporation<br><br>    Defendants, | Case No.: 3:16-cv-00444-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE**<br>**(Dkt. 136)**<br><br>**PLAINTIFF'S RESTATED MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE**<br>**(Dkt. 138)**<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE**<br>**(Dkt. 144)** |

    Pending before the Court are Plaintiff's (1) Motion for Recusal or Disqualification of Judge (Dkt. 136), (2) Restated Motion for Recusal or Disqualification of Judge (Dkt. 138), and (3) Motion to Strike Defendants' Memorandum in Opposition to Plaintiff's Motion for Recusal or Disqualification of Judge (Dkt. 144). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

### I. DISCUSSION

    Plaintiff's efforts to disqualify the undersigned clearly emanate from the Court's decisions on various aspects of the case over its four-year duration – namely, (1) the March 12, 2018 Memorandum Decision and Order addressing Defendants' first Motion for Summary Judgment (after being removed from Washington state court and transferred from federal court

MEMORANDUM DECISION AND ORDER - 1

in the Western District of Washington to this Court), (2) the circumstances surrounding its July 13, 2020 Order allowing Plaintiff's counsel to withdraw, and (3) the deadlines leading up to the currently-scheduled January 19, 2021 trial date – with Plaintiff generally asserting:

> This motion serves to dispel any appearance of bad faith or perception of the Plaintiff this Court has simply ruled justly and repeatedly against the claims of an unreasonably disgruntled employee with a meritless cause and the Plaintiff simply disagrees and is otherwise displeased with this Court. Nay, repeated conversations and concerns raised in communications with Plaintiff's former counsel whether an equitable review and positive outcome was possible as each action and inaction by defendants leveled more favorable outcomes of defendants despite little evidence while overwhelming supply of exhibits pertinent to Plaintiff's claims were inconsequential to this Court which found unconscionable weight in the First of Defendants' Motion for Summary Judgment, to unfairly dismiss significant portions of Plaintiff's multiple cause of action. As well, this Court has appeared an unlevel hand for relief from this Court regarding multiple revisions of deadlines and favorable to Defendants while Plaintiff's has been more restrictive to include burdening Plaintiff's Counsel with an Order to Show Cause Proceeding for their unopposed Motion for Withdrawal from this case and stipulated by the Defendants. Plaintiff believes beyond a shadow of a doubt, their Counsel's Withdrawal from this case was induced by this Court's refusal to adjust case management deadlines and account for the devastating affects upon our economy of the Covid Pandemic when on May 13, 2020, this Court Set a trial date in January 2021 and partially revised case management deadlines that were more favorable to the Defendants. This order kept unrealistic deadlines and imposed an unfair burden upon Plaintiff's in light of the unyielding and incessant Covid Pandemic that was still escalating at that time and while this Court was well briefed that Defendants had still not complied with this Court's Order for production of documents and Contempt Proceedings were likely ensuing. Plaintiff's counsel faced with an inordinate situation in a never before encountered societal challenge were forced with the same difficult decisions facing all Americans deeply affected by Covid to realize drastic measures such as withdrawal in this Case offered a better solution for their post Covid recovery than honoring the unfavorable and unfair inducement of this Court holding wholly unrealistic and disproportionate demands upon Plaintiff's Claims than the obscure and unsupported defenses raised by Defendants.

Pl.'s Mem. ISO Mot. to Disq., pp. 3-4 (Dkt. 136-2).[1]

---

[1] Plaintiff's October 6, 2020 Restated Motion for Recusal or Disqualification of Judge (Dkt. 138) claims to "restate" the bases for his original Motion for Recusal or Disqualification of Judge (Dkt. 136), while separately taking issue with the Court's September 16, 2020 Order denying Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 134) in an apparent attempt to further justify the disqualification/recusal of the undersigned. *See generally* Restated Mot. (Dkt. 138).

**MEMORANDUM DECISION AND ORDER - 2**

The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455. Section 144 permits a party seeking disqualification to file a "timely and sufficient affidavit" setting forth the basis for the party's belief that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must "state facts and the reasons for the belief that bias or prejudice exists." *Id*. Similarly, section 455 provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a);[2] *see also United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997).

The substantive standard for recusal under 28 U.S.C. §§ 144 and 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). In *Liteky*, the U.S. Supreme Court clarified the interplay between allegations of impartiality, personal bias, and prejudice under 28 U.S.C. §§ 144 and 455, stating:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves, (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstance evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism

---

[2] Plaintiff cites to both 28 U.S.C. §§ 144 and 455(a). *See generally* Mem. ISO Mot. to Disq. (Dkt. 136-2). Plaintiff also relies on 28 U.S.C. §§ 455(b)(1) and 455(b)(5)(ii) which require that a judge disqualify himself where he (1) "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;" or (2) "[i]s acting as a lawyer in the proceeding." *See id*; 28 U.S.C. §§ 455(b)(1), 455(b)(5)(ii).

**MEMORANDUM DECISION AND ORDER - 3**

>that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Id*. at 555 (internal citation omitted, emphasis in original). Importantly, disqualification is not required where only vague allegations of bias and prejudice are asserted. *See Focus Media, Inc. v. Nat'l Broadcasting Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004). For the reasons that follow, the undersigned has thoroughly reviewed the record and concludes that Plaintiff has not shown that 28 U.S.C. §§ 144 or 455 applies in this case.

First, to the extent Plaintiff's disqualification argument is premised upon how the Court has resolved substantive and procedural issues in the case (namely the (1) March 12, 2018 Memorandum Decision and Order granting, in part, and denying, in part, Defendants' first Motion for Summary Judgment, and (2) September 16, 2020 Order denying Plaintiff's Motion for Leave to File Second Amended Complaint (*see supra*)), the argument is misplaced. In those rulings, the Court analyzed and decided then-pending issues against applicable legal standards. Plaintiff disagrees with these rulings; however, without more, Plaintiff has not shown that *possible*[3] errors contained therein were the "product[ ] of deep-seated favoritism or antagonism

---

[3] Despite Plaintiff's arguments to the contrary, the Court stands by its rulings; indeed, before the at-issue Motion, there was never a challenge to the March 12, 2018 Memorandum Decision and Order (now over two years old). Additionally, that the Court resolved Plaintiff's Motion for Leave to File Second Amended Complaint before Defendants formally objected to it is not improper and separately ignores both the "good cause" and "leave of court" aspects to such a request under FRCP 16(b) and FRCP 15(a)(2). *See, e.g.*, 9/16/20 Order, p. 4 (Dkt. 134) ("Therefore, Rule 16(b) applies, requiring Plaintiff to show good cause to amend the Case Management Order pursuant to Rule 16 before he is permitted to file an amended pleading.").

**MEMORANDUM DECISION AND ORDER - 4**

that made fair judgment impossible." *In re Focus Media*, 378 F.3d at 930.  Moreover, even erroneous rulings – in and of themselves – are not ipso facto evidence of bias and cannot support disqualification/recusal.  *See F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1145 (9th Cir. 2001) ("Judges are known to make procedural and even substantive errors on occasion.  The errors alleged here would be the basis for appeal, not recusal.").

Second, setting aside the lack of extrajudicial sources of bias favoring Defendants, Plaintiff's characterization of the Court's handling of his previous counsel's efforts to withdraw misses the point.  When Plaintiff's counsel moved to withdraw on July 2, 2020, the Court had already set a January 2021 trial date (with related pre-trial deadlines) via a May 13, 2020 Order Amending Case Management Deadlines and Order Setting Trial (Dkt. 114).  Doing so was part and parcel of the Court's responsibility to manage the case toward a resolution. Therefore, as is required of the Court under such circumstances, Plaintiff's counsel's request to withdraw was considered in the context of possible prejudice to Plaintiff himself, as the Court indicated:

> [A]s the [Local Civil Rule 83.6(c)] describes, the attorney (or firm) who is the sole representative for a party may not withdraw without leave of court.  Whether good cause exists is a discretionary decision for the Court.  The motion to withdraw here does not contain any information on which the Court can determine whether such good cause exists and in the absence of such information, the Court is left to conclude that there is an insufficient showing of good cause.  *This question is especially significant in light of the age of this case, an upcoming January 2021 trial date and, most immediately, upcoming pre-trial deadlines*.
>
> Accordingly, the Court orders counsel for Plaintiff to show good cause why the motion to withdraw should be granted, on or before July 9, 2020.  Counsel for Plaintiff shall also provide Plaintiff with copies of the underlying motion, this Order, and any subsequent submissions in relation to the motion/Order.

7/6/20 Order, p. 1 (Dkt. 118) (internal citations omitted, emphasis added).  In other words, the Court's hesitation in immediately allowing Plaintiff's counsel to withdraw (and instead asking for a showing of good cause) was anchored in the possible harm that might befall Plaintiff if his counsel withdrew from the case at that point in time.  *See, e.g.*, IRPC 1.16 (b)(1) ("[A] lawyer

**MEMORANDUM DECISION AND ORDER - 5**

may withdraw from representing a client *if withdrawal can be accomplished without material adverse effect on the interests of the client . . . .*") (emphasis added). The subsequently-filed Memorandum in Support of Motion for Leave to Withdraw (Dkt. 120) in response to the Court's order to show cause allayed those concerns, as it evidenced that notwithstanding counsel's difficulty in representing several clients (including Plaintiff) because of the business-related disruptions arising out of the COVID-19 pandemic, Plaintiff would not be prejudiced, stating:

> [T]rial is still six months away and there are no other pending hearing dates. Plaintiff has consented to our withdrawal and has indicated he will either hire a different attorney or represent himself moving forward. There will be sufficient time for Plaintiff and/or his new counsel to adequately prepare for trial. Defendants have filed their non-opposition to this Motion.
>
> Based on the foregoing, these circumstances have and will continue to create an unreasonable financial burden for Strindberg & Scholnick, LLC. As such, Strindberg & Scholnick, LLC seeks to immediately withdraw from further representation of Plaintiff, including any and all issues or proceedings in this matter. Other than the trial in January 2021, there are no hearing dates pending. The Pretrial deadlines are in December of 2020.

7/9/20 Mem. ISO Mot. for Leave to Withdraw, pp. 5-6 (Dkt. 120); *see also* Kreb Dec. (Dkt. 120-2) (Plaintiff consenting to counsel's withdrawal). Satisfied that Plaintiff's interests were appropriately considered and accounted for, the Court permitted his counsel's withdrawal on July 13, 2020 (Dkt. 121).[4]

Third, in asserting that the Court unfairly imposed case management deadlines to his and his then-attorneys' detriment, Plaintiff misunderstands (though perhaps he was simply unaware) the actual coordination between all parties (via stipulation or joint filings) that went into setting those deadlines. The following timeline is illustrative on this point:

---

[4] On August 3, 2020, Plaintiff notified the Court that he would represent himself moving forward. *See* Not. of Appearance (Dkt. 123). On August 10, 2020, Plaintiff requested that he be allowed to participate in certain court proceedings remotely in light of the COVID-19 pandemic. *See* Request (Dkt. 124). The Court granted that request two days later (though still requiring personal attendance at the scheduled trial in Boise, Idaho). *See* 8/12/20 Oder (Dkt. 125).

**MEMORANDUM DECISION AND ORDER - 6**

- On March 12, 2018, the Court granted, in part, and denied, in part, Defendants' Motion for Summary Judgment (Dkt. 77). Additionally, the Court granted Plaintiff's Motion for Leave to File Amended Complaint. On March 26, 2018, Plaintiff filed an Amended Complaint (Dkt. 78).

- Following a Joint Status Report (Dkt. 86) from the parties, the Court entered a Case Management Order (Dkt. 87) governing the deadlines moving forward. Therein, the Court set a February 22, 2019 deadline to amend pleadings and join parties.

- By stipulation of the parties (Dkt. 90), on April 12, 2019, the Court extended expert disclosure deadlines, the expert discovery deadline, and the dispositive motions deadline.

- On July 17, 2019, Defendants moved to stay the proceedings in light of Plaintiff's ongoing administrative proceedings related to his AIR-21 complaint and its potentially preclusive effect (Dkt. 104). On January 30, 2020, the Court denied Defendants' request to stay the action and (1) requested that the parties file a stipulated list of available trial dates, while (2) requesting that the parties file a joint status report updating the Court of the status of the action (Dkt. 111).

- On February 14, 2020, the parties filed a Joint Status Report (Dkt. 112) and, following informal correspondence with the Court, an Amended Joint Status Report on May 4, 2020 (Dkt. 113).[5] On May 13, 2020, the Court extended various expert disclosure deadlines, the expert discovery deadline, the mediation deadline, and the dispositive motion deadline (Dkt. 114). Additionally, the Court set a January 19, 2021 trial date.

- By stipulation of the parties (Dkt. 115), the Court extended various expert disclosure deadlines on May 21, 2020 (Dkt. 116).

- On July 2, 2020, Plaintiff's counsel moved to withdraw (Dkt. 117). On July 13, 2020, the Court granted Plaintiff's counsel's request to withdraw (Dkt. 121). On August 3, 2020, Plaintiff indicated that he would represent himself pro se (Dkt. 123).

All of this makes clear that in setting case management deadlines (including trial dates), the Court worked collaboratively with both Plaintiff's and Defendants' counsel – even after the COVID-19 pandemic began to place previously-unanticipated restrictions on the parties' abilities

---

[5] Therein, the parties stated: "To the extent the Court still would like an election of a trial date, the parties agree that, even considering all of the discovery remaining, they can be ready for trial staring the week of November 2, 2020." Am. Joint Status Rpt., p. 3 n.1(Dkt. 113).

**MEMORANDUM DECISION AND ORDER - 7**

to prepare for trial. Any suggestion or implication that these deadlines and potential trial dates are more favorable to one side than the other is simply incorrect.

These reasons combine to reflect a typical case before the Court; they do not support a contention of bias or partiality that would support recusal or disqualification.

## II. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Recusal or Disqualification of Judge (Dkt. 136) is DENIED;

2. Plaintiff's Restated Motion for Recusal or Disqualification of Judge (Dkt. 138) is DENIED; and

3. Plaintiff's Motion to Strike Defendants' Memorandum in Opposition to Plaintiff's Motion for Recusal or Disqualification of Judge (Dkt. 144) is DENIED. *See* Dist. Idaho Loc. Civ. R. 7.1 (c)(1) ("The responding party must serve and file a response brief, not to exceed twenty (20) pages, within twenty-one (21) days after service upon the party of the memorandum of points and authorities of the moving party.").

4. **A hearing on Defendants' Motion for Summary Judgment (Dkt. 126) and Plaintiff's Motion to Strike (Dkt. 142) is set for November 24, 2020 at 9:30 a.m. (Mountain). Also at this time, the Court will inquire about the status the ongoing administrative proceedings related to Plaintiff's AIR-21 complaint and its impact, if any, on the instant action. Instructions to remotely participate at the November 24, 2020 hearing will be sent by separate notice.**



DATED: November 16, 2020

_____
Ronald E. Bush
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 8**