UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT KREB, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JACKSONS FOOD STORES, INC., a Nevada Corporation, JACKSON JET CENTER, LLC, an Idaho Corporation, and CONYAN AVIATION, INC., d/b/a Jackson Jet Center, an Idaho Corporation<br><br>Defendants, | Case No.: 3:16-cv-00444-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b), EXTEND THE TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. CIV. P. 6(b), APPLICATION FOR STAY OF PROCEEDINGS ON DEFENDANTS' PETITION FOR ATTORNEYS' FEES**<br><br>**(Dkt. 197)** |

Pending before the Court is Plaintiff's "*Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b), Extend the Time to File a Notice of Appeal Pursuant to Fed. R. Civ. P. 6(b), Application for Stay of Proceedings on Defendants' Petition for Attorneys' Fees*" (the "Motion") (Dkt. 197). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

**DISCUSSION**

A.  **Motion for Relief from Judgment Pursuant to Rule 60(b)**

On March 5, 2021, the Court granted Defendants' then-pending Motion for Summary Judgment and dismissed Plaintiff's claims against Defendants; that same day, the Court entered a Judgment and dismissed the case. *See* 3/5/21 MDO (Dkt. 185); J. (Dkt. 186). Plaintiff seeks relief from that Judgment pursuant to Rule 60(b), generally arguing that "Defendants' frauds and misconduct in their representations unjustly swayed this Court to dismiss all of Plaintiff's claims in two separate Motions for Summary Judgment." Pl.'s Mot. for Relief, p. 2 (Dkt. 197).

"The United States Supreme Court has made it clear that the equitable power embodied in Rule 60(b) is the power 'to vacate judgments whenever such action is appropriate to accomplish justice.'"

**MEMORANDUM DECISION AND ORDER - 1**

*Phelps v. Alameida*, 569 F.3d 1120, 1141 (9th Cir. 2009) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 542 (2005) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988))).  Rule 60(b)(1) through (5) identify specific grounds for providing relief from judgments; Rule 60(b)(6) – called the "catch-all-provision – authorizes the granting of relief from a final order or judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  However, federal district courts are cautioned that Rule 60(b)(6) relief should be used sparingly and granted only in extraordinary circumstances "as an equitable remedy to prevent manifest injustice"; it is utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.  *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010); *U.S. v. State of Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal citation and punctuation omitted); *Gonzalez*, 545 U.S. at 542.  The moving party bears the burden of providing the existence of fraud, misconduct, or any other ground for relief.  *See Atchison, T & S.F. Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957).

      Here, the Court interprets Plaintiff's argument in this regard as a recounting of the same arguments that the Court has already considered and ultimately dismissed.  The Court understands that that Plaintiff feels strongly about the circumstances leading up to this action and disagrees with the Court's consideration of his claims against Defendants.  But his feelings upon the same, no matter how fervent, are not a basis for relief from a final judgment.

      Relatedly, to the extent Plaintiff's request is grounded upon allegations of fraud on the part of Defendants (Rule 60(b)(3)), the power of the Court to set aside a judgment is only available when such fraud is established by clear and convincing evidence.  *See U.S. v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011); *England v. Doyle*, 281 F.2d 304, 310 (9th Cir. 1960).  Such fraud must amount to "an unconscionable plan or scheme which is designed to improperly influence the court and its decision."  *Abatti v. C.I.R.*, 859 F.2d 115, 118 (9th Cir. 1988).  Plaintiff's arguments do not meet such a threshold.  His Motion is heavy on allegations of fraud, but very light on substantiation.  There is no evidence that fraud occurred, much less that an instance of fraud harmed the integrity of the judicial process.  His allegations read more like grievances or disagreements with the Court's conclusions, which might be

**MEMORANDUM DECISION AND ORDER - 2**

suitable for him to propound on appeal, but not to argue in support of a motion for fraud on the court and/or motion for relief from judgment.

Plaintiff's Motion is denied in this respect.

**B.      Extending the Time to File a Notice of Appeal Pursuant to Rule 6(b)**

Plaintiff seeks an extension of time to file a Notice of Appeal[1] under Rule 6(b) "because of excusable neglect, brought about by further questionable conduct by Defendants' counsel's attempts to induce, distract, or otherwise coerce Plaintiff to refrain from making any appeal in his wage claims dismissed by the Court and also for Plaintiff to withdraw his Petition for Review of the Secretary of Labor decision to dismiss his Whistleblower Retaliation Complaint pursuant to 49 U.S.C. § 42121 The Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR21")." Pl.'s Mot. for Relief, p. 3 (Dkt. 197).

To begin, Rule 4(b)(5) of the Federal Rules of Appellate Procedure more appropriately applies to Plaintiff's request, and reads in relevant part as follows:

> **(5)     Motion for Extension of Time**
>
> (A)     The district court may extend the time to file a notice of appeal if:
>
> (i)      a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii)     regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5). Therefore, the Court may extend the time to file a notice of appeal when two conditions are met: (1) the motion seeking an extension must be made no later than 30 days after the expiration of time originally prescribed by Appellate Rule 4(a) (in this case, the request for an extension must be made within 60 days after the judgment was entered because the time originally prescribed by Appellate Rule 4(a) is 30 days); and (2) the party seeking the extension must show excusable neglect or good cause. *See id.*

---

[1] Plaintiff appears to have filed a Notice of Appeal on May 3, 2021 (Dkt. 194).

**MEMORANDUM DECISION AND ORDER - 3**

As stated above, the Court's Judgment was issued on March 5, 2021. Therefore, any motion seeking the extension of time to file a notice of appeal needed to be filed on or before May 4, 2021. Because the Motion was not filed by May 4, 2021 (but instead on May 10, 2021), it is untimely.[2] But even if the Motion was timely filed, the stated basis for any extension does not amount to either excusable neglect or good cause. That is, the March 16, 2021 described by Plaintiff (a letter from Defendants' counsel) was an offer to forego efforts to recover attorneys' fees and costs in exchange for Plaintiff's agreement not to engage in further appeals. *See* 3/16/21 Ltr., attached as Ex. 1 to Kreb Dec. (Dkt. 197-1) ("Jackson's, however, is willing to refrain from seeking such monetary judgment against you for its attorneys' fees and costs incurred in defending this action if you agree to file no more motions or an appeal in this matter, and dismiss your appeal in the Department of Labor proceeding."). This is a common practice for bringing a compromise resolution to protracted civil proceedings and not at all inappropriate under the circumstances. Accordingly, it is not a legitimate basis for a claim of either excusable neglect or good cause to justify an extension in the time to file a notice of appeal.[3]

Plaintiff's Motion is denied in this respect.

**C.     Staying Proceedings Regarding Defendants' Petition for Attorneys' Fees**

---

[2] It appears that Plaintiff mailed his Motion to the Court on May 6, 2021 (a Thursday), with a scheduled delivery date of May 7, 2021 (a Friday). The Motion was not received in the Court and filed until May 10, 2021 (a Monday).

[3] In his Reply, Plaintiff suggests that his time to appeal is tolled with Defendants' March 19, 2021 Petition for Attorneys' Fees (Dkt. 188) (citing Fed. R. App. P. 4(a)(4)). *See* Pls.' Reply ISO Mot. for Relief, p. 6 (Dkt. 201). If that were the case, there would be no need to extend the time to file a Notice of Appeal. More to the point, however, such a possible extension of time ("run[ing] . . . from the entry of the order disposing of . . . such . . . motion") exists "if the district court extends the time to appeal under Rule 58." Fed. R. App. P. 4(a)(4)(A)(iii); *see also Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 705 (9th Cir. 2007) ("The time to appeal is not extended unless the district court, pursuant to its authority under Fed. R. Civ. P. 58[(e)], orders that an attorneys' fees motion has the effect of delaying the clock for filing the notice of appeal."). To date, the Court has not extended any time to file a notice of appeal. Moreover, Plaintiff's Motion (incorporating relief under Rule 60) was not filed within 28 days of the Judgment; therefore Rule 4(a)(4)(A)(vi) of the Federal Rules of Appellate Procedure also does not apply.

**MEMORANDUM DECISION AND ORDER - 4**

Plaintiff argues that the Court "should grant a stay of the proceedings on Defendants' Petition for Attorneys' fees pending the outcome of Plaintiff's Appeal where a reasonable expectation to prevail at least in part would therefore defeat such a petition." Pl.'s Mot. for Relief, p. 5 (Dkt. 197). Without commenting on the merits of Plaintiff's appeal, there is no need to stay the Court's consideration of Defendants' pending Petition for Attorneys' Fees – especially when Plaintiff has already responded to it and the briefing is now complete. Moreover, Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure appears to address Plaintiff's concern here, and states: "If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i); *but see also* Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal – in compliance with Rule 3(c) – within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."). In other words, there is no sensible reason for postponing the Court's consideration of Defendants' Petition for Attorneys' Fees – even so, nothing prevents the parties from separately negotiating a compromise that would obviate such consideration before a ruling is issued.

Plaintiff's Motion is denied in this respect.

///
///
///
///
///
///
///
///

**MEMORANDUM DECISION AND ORDER - 5**


## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's *"Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b), Extend the Time to File a Notice of Appeal Pursuant to Fed. R. Civ. P. 6(b), Application for Stay of Proceedings on Defendants' Petition for Attorneys' Fees"* (Dkt. 197) is DENIED.

DATED: June 10, 2021

_____
Ronald E. Bush
Chief U.S. Magistrate Judge