UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT KREB, an individual,<br><br>　　Plaintiff,<br><br>vs.<br><br>JACKSONS FOOD STORES, INC., a Nevada Corporation, JACKSON JET CENTER, LLC, an Idaho Corporation, and CONYAN AVIATION, INC., d/b/a Jackson Jet Center, an Idaho Corporation,<br><br>　　Defendants. | Case No.: 3:16-cv-00444-REP<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**DEFENDANTS' PETITION FOR ATTORNEY'S FEES**<br>**(Dkt. 188)**<br><br>**PLAINTIFF'S RULE 60(b)(6) AND 60(d)(3) MOTIONS FOR RELIEF FROM JUNE 10, 2021 ORDER DENYING APPROPRIATE RELIEF SOUGHT AND IN ANSWER TO DEFENDANTS' IMPROPER CHALLENGE OF PLAINTIFF'S RIGHTS ON APPEAL**<br>**(Dkt. 205)** |

Before the Court are (i) Defendants' "Petition for Attorney's Fees" (Dkt.188), and (ii) Plaintiff's "Rule 60(b)(6) and 60(d)(3) Motions for Relief from June 10, 2021 Order Denying Appropriate Relief Sought and in Answer to Defendants' Improper Challenge of Plaintiff's Rights on Appeal" ("Motions for Relief") (Dkt. 205).  All parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Dkt. 59).[1]  Because the gravamen of Plaintiff's claim for wrongful termination in violation of public policy is statutory in nature, Idaho Code § 12-120(3) does not apply and Defendants' Petition for Attorney's Fees is therefore denied.  Separately, Plaintiff's Motions for Relief provide no substantive basis to set aside the

---

[1] The undersigned inherited this case from U.S. Magistrate Judge Ronald E. Bush on June 11, 2021 (Dkt. 204).  Before then, Judge Bush presided over the action and issued rulings on multiple aspects of the case that give rise to the above-referenced motions – namely, the (i) March 5, 2021 Memorandum Decision and Order granting Defendants' Motion for Summary Judgment (and related Judgment) (Dkts. 185 & 186), and (ii) June 10, 2021 Memorandum Decision and Order denying Plaintiff's Motion for Relief from Judgment (Dkt. 203).

**MEMORANDUM DECISION AND ORDER - 1**

Court's June 10, 2021 Memorandum Decision and Order; it is therefore denied as well.  The Clerk of the Court is now directed to close the case.

## I. <u>DISCUSSION</u>

**A.     Defendants' Petition for Attorney's Fees (Dkt. 188)**

Idaho law governs the award of attorney's fees in this matter because federal courts must follow state law as to attorney's fees in diversity actions.  *Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir. 1978) (applying Idaho law).  Pointing to Idaho Code § 12-120(3), Defendants seek attorney's fees in the amount of $28,396.25, predicated upon their successful defense to Plaintiff's claim for wrongful termination in violation of public policy.  Defs.' Mem. ISO Pet. for Atty's Fees at 6-9 (Dkt. 188-1).[2]

Idaho Code § 12-120(3) states:  "In any civil action to recover . . . in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee."  I.C. § 12-120(3); *see also Clement v. Franklin Inv. Group, Ltd.*, 689 F. Supp. 1575, 1577 (D. Idaho 1988) ("Idaho Code § 12-120 is mandatory in nature.").  "Commercial transaction" is broadly defined to encompass "commercial in the ordinary sense of the word." *Clement*, 689 F. Supp. at 1576; *see also* I.C. § 12-120(3) ("The term 'commercial transaction' is defined to mean all transactions except transactions for personal or household purposes.").  For a prevailing party to avail itself of § 12-120(3), the critical test is "whether the commercial

---

[2]   Though Defendants prevailed on each of Plaintiff's three claims, they seek *only* the recovery of attorney's fees associated with Plaintiff's wrongful termination in violation of public policy claim; they *do not* seek attorney's fees related to Plaintiff's claims under either the Idaho Wage Claim Act or the Fair Labor Standards Act.  Defs.' Mem. ISO Pet. for Atty's Fees at 5-6 (Dkt. 188-1) (reasoning that (i) the Idaho Wage Claim Act allows recovery of attorney's fees against plaintiffs only where such a claim is based on a false claim which the plaintiff employee knew to be false at the time of the action (erring on the side of presuming Plaintiff's good faith), and (ii) the Fair Labor Standards Act permits a prevailing *plaintiff* to recover attorney's fees and costs, not a prevailing defendant).  The requested $28,396.25 in attorney's fees thus represents one-third of Defendants' attorney's fees incurred in this case.  *Id*. at 8-9.

**MEMORANDUM DECISION AND ORDER - 2**

transaction comprises the gravamen of the lawsuit." *Great Plains Equip. v. Northwest Pipeline Corp.*, 36 P.3d 218, 223 (Idaho 2001). Importantly, the commercial transaction "must be integral to the claim and constitute the basis on which the party is attempting to recover." *Id*.

Defendants argue that Plaintiff's wrongful termination in violation of public policy claim represents a "contract action" at its core, in turn implicating Idaho Code § 12-120(3) and requiring an attorney's fees award as to that particular claim. Defs.' Mem. ISO Pet. for Atty's Fees at 7 (Dkt. 188-1) (citing *Stout v. Key Training Corp.*, 158 P.3d 971, 974 (Idaho 2007) ("We have held that termination of employment at will in violation of public policy is a contract action which results in contract damages.")). Though perhaps a valid rule-of-thumb in theory, "where the gravamen of a cause of action is the violation of a statute, Idaho Code § 12-120(3) does not apply." *Atwood v. Western Const. Inc.*, 923 P.2d 479, 486 (Id. Ct. App. 1996) (attorney's fees not recoverable for successful defense of age discrimination claim based on Idaho Code § 67-5909 because "[t]hat claim, *though rooted in the employment relationship*, sought recovery for infringement of rights created not by contract but by statute.") (emphasis added);[3] *see also Willie v. Board of Trustees*, 59 P.3d 302, 307 (Idaho 2002) (same); *Northwest Bec-Corp. v. Home Living Serv.*, 41 P.3d 263, 270 (Idaho 2002) (same); *Shay v. Cesler*, 977 P.2d 199, 202 (Idaho 1999) (same). Here, Plaintiff's wrongful termination in violation of public policy claim represents just such a dichotomous circumstance.

To begin, the right to discharge an at-will employee in Idaho is limited by considerations of public policy, such as when the motivation for the firing contravenes public policy. *Bollinger v. Fall River Rural Elec. Co-Op, Inc.*, 272 P.3d 1263, 1271 (Idaho 2012). "This public policy

---

[3] Acknowledging *Atwood*, the Idaho Supreme Court in *Stout* understood that, where the plaintiff's termination in violation of public policy claim was subsumed by alleged statutory violations and remedies, Idaho Code § 12-120(3) does not authorize an award of attorney's fees to a prevailing party. *Stout*, 158 P.3d at 974-75.

**MEMORANDUM DECISION AND ORDER - 3**

exception is triggered only where an employee is terminated for engaging in some protected activity, which includes (i) refusing to commit an unlawful act; (ii) performing an important public obligation; or (iii) exercising certain rights and privileges." *Id*.  The public policy at issue must be "rooted in case law or statutory language." *Id*.  It follows, then, that an employer may not discharge an at-will employee without cause when the discharge would violate public policy.

Plaintiff claimed that he was wrongfully terminated in violation of public policy in two ways: (i) for reporting safety concerns; and (ii) for protesting changes in wages.  Compl. at ¶¶ 6.1-6.6 (Dkt. 1); Am. Compl. at ¶ 82-89 (Dkt. 78).  Defendants ultimately prevailed at summary judgment on this claim and its component parts.  3/12/18 MDO (Dkt. 77); 3/5/21 MDO (Dkt. 185).  But because it was premised upon statutory authority, which likewise addressed the recovery of attorney's fees in such situations, Idaho Code § 12-120(3) is unavailable.  For example, under the "Wendell H. Ford Aviation Investment and Reform Act for the 21st Century" ("AIR-21"), it is a violation of federal law to discharge or discriminate against an employee who reports a violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration (to include safety protocols).  49 U.S.C. § 42121(a); *see also id*. at § 42121(b)(3)(B)(iii) (addressing attorney's fees for filing AIR-21 complaint).  Similarly, Idaho's wage act forbids retaliation for wage demands.  I.C. § 45-613; *see also id*. at § 45-615 (addressing attorney's fees for pursuing wage claim).

These statutory predicates created the rights Plaintiff sought to enforce within his Complaint and Amended Complaint via a wrongful termination in violation of public policy claim – even if the claim itself arises out of an employment relationship.  As a result, the gravamen of the cause of action is the violation of these statutes respectively.  Idaho Code § 12-120(3) does not apply in this setting.

Defendants' Petition for Attorney's Fees (Dkt. 188) is denied.

**MEMORANDUM DECISION AND ORDER - 4**

B.     **Plaintiff's Motions for Relief (Dkt. 205)**

On March 5, 2021, the Court granted Defendants' then-pending Motion for Summary Judgment and dismissed Plaintiff's claims against Defendants.  3/5/21 MDO (Dkt. 185).  The Court entered a Judgment and dismissed the case that same day.  J. (Dkt. 186).  Plaintiff appealed on May 3, 2021.  Not. of Appeal (Dkt. 194).  Roughly one week later, Plaintiff sought relief from the March 5, 2021 Judgment pursuant to Rule 60(b), generally arguing that "Defendants' frauds and misconduct in their representations unjustly swayed this Court to dismiss all of Plaintiff's claims."  Plaintiff also moved to extend the time to file an appeal and stay the proceedings pending the appeal's outcome.  Pl.'s Mot. for Relief at 2-3 (Dkt. 197).  The Court denied those motions on June 10, 2021.  6/10/21 MDO (Dkt. 203).  On July 12, 2021, Plaintiff sought relief from the Court's June 10, 2021 Order pursuant to Rules 60(b)(6) and 60(d)(3) (the at-issue Motions for Relief).  Pl.'s Mots. for Relief (Dkt. 205).  Plaintiff's appeal was dismissed one week later.  7/19/21 Order (Dkt. 207).

"The United States Supreme Court has made it clear that the equitable power embodied in Rule 60(b) is the power 'to vacate judgments whenever such action is appropriate to accomplish justice.'"  *Phelps v. Alameida*, 569 F.3d 1120, 1141 (9th Cir. 2009) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 542 (2005) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988))).  Rules 60(b)(1)-(5) identify specific grounds for providing relief from judgments; Rule 60(b)(6) – called the "catch-all-provision" – authorizes the granting of relief from a final order or judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  However, federal district courts are cautioned that Rule 60(b)(6) relief should be used sparingly and granted only in extraordinary circumstances "as an equitable remedy to prevent manifest injustice"; it is utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.  *Lal v. California*, 610 F.3d

**MEMORANDUM DECISION AND ORDER - 5**

518, 524 (9th Cir. 2010); *Gonzalez*, 545 U.S. at 542.  The moving party bears the burden of providing the existence of fraud, misconduct, or any other ground for relief.  *Atchison, Toreka and Santa Fe Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957).

Relatedly, Rule 60(d)(3) motions for fraud on the court are subject to a "high standard." *United States v. Sierra Pacific Indus., Inc.*, 862 F.3d 1157, 1171 (9th Cir. 2017).  To prevail, the movant must establish fraud by clear and convincing evidence.  *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011).  "In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it 'harmed the integrity of the judicial process.'"  *Sierra Pacific*, 862 F.3d at 1167-68.  The fraud must be an "intentional, material misrepresentation" that "involve[s] an unconscionable plan or scheme which is designed to improperly influence the court in its decision."  *Id*.

Here, Plaintiff's Motions for Relief fail to meet these standards.  As already stated in in its June 10, 2021 Memorandum Decision and Order, the Court similarly interprets Plaintiff's latest arguments as:

> [A] recounting of the same arguments that the Court has already considered and ultimately dismissed.  The Court understands that Plaintiff feels strongly about the circumstances leading up to this action and disagrees with the Court's consideration of his claim against Defendants.  But his feelings upon the same, no matter how fervent, are not a basis for relief from a final judgment.  [Additionally], [h]is Motion[s] [are] heavy on allegations of fraud, but very light on substantiation.  There is no evidence that fraud occurred, much less that an instance of fraud harmed the integrity of the judicial process.  His allegations read more like grievances or disagreements with the Court's conclusions, which might be suitable for him to propound on appeal, but not to argue in support of a motion for fraud on the court and/or motion for relief from judgment.

6/10/21 MDO at 2-3 (Dkt. 203).  In short, Plaintiff has raised this issue before.  And, as before, Plaintiff has not met his burden of showing that relief from a final order or judgment is appropriate.  The Court simply will not engage in a re-weighing of the evidence.

**MEMORANDUM DECISION AND ORDER - 6**

Finally, Plaintiff's claim that Defendants' Petition for Attorney's Fees automatically extends the deadline to appeal is incorrect. Pl.'s Mem. ISO of Mots. for Relief at 2 (Dkt. 205-1) ("It is well known that such post-judgment activity extends deadlines from which to appeal an original judgment . . . ."). Any extension of time ("runn[ing] . . . [from the entry of the order disposing of . . . such . . . motion") exists only "*if the district court extends the time to appeal under Rule 58.*" Fed. R. App. P. 4(a)(4)(A)(iii) (emphasis added); *see also Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 705 (9th Cir. 2007) ("The time to appeal is not extended unless the district court, pursuant to its authority under [Rule 58(e)], orders than an attorney's fees motion has the effect of delaying the clock for filing the notice of appeal."). But the Court never extended any time to file a notice of appeal.[4] Further, none of Plaintiff's Rule 60-related motions were filed within 28 days of the May 5, 2021 Judgment; therefore Rule 4(a)(4)(A)(vi) of the Federal Rules of Appellate Procedure also does not apply.

Plaintiff's Motions for Relief (Dkt. 205) are denied.

## II. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that (i) Defendants' Petition for Attorney's Fees (Dkt. 188) is DENIED, and (ii) Plaintiff's Motions for Relief (Dkt. 205) are DENIED. The Clerk of the Court is directed to close the case.

DATED:  December 29, 2021

_____
Honorable Raymond E. Patricco
United States Magistrate Judge

---

[4] The Ninth Circuit stated as much in dismissing Plaintiff's appeal. 7/19/21 Order at 1-2 (Dkt. 207) (citing *Nutrition Distribution, LLC v. IronMag Labs, LLC*, 978 F.3d 1068, 1071 (9th Cir. 2020) (motion for attorney's fees does not extend the time to appeal from the final judgment unless the district court so orders under Fed. R. Civ. P. 58(e); attorney's fees motions cannot be recharacterized as Rule 59 motions to extend the time to appeal an underlying judgment)).

**MEMORANDUM DECISION AND ORDER - 7**